**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SCOTT BENDER ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: _____ |
| ) | |
| v. ) | |
| ) | |
| TORAX MEDICAL, INC.; ETHICON, INC. ) | March 25, 2022 |
| ) | |
| Defendants. ) | |

**NOTICE OF REMOVAL**

TO THE CLERK OF SAID COURT:

PLEASE TAKE NOTICE that Defendant Ethicon, Inc. ("Ethicon"), by and through their undersigned counsel, respectfully petition this Court for removal of the above-captioned case from the State of Connecticut Superior Court, Judicial District of Stamford/Norwalk at Stamford to the United States District Court for the District of Connecticut, pursuant to 28 U.S.C. § 1332(a), 1441(a), and 1446, and allege as follows:

**I.     INTRODUCTION AND TIMELINESS OF REMOVAL**

1. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

2. By Summons and Complaint, Plaintiff Scott Bender ("Plaintiff") commenced a civil action against Ethicon and Torax Medical, Inc. ("Torax") in Connecticut Superior Court, Judicial District of Stamford/Norwalk at Stamford titled *Scott Bender v. Torax Medical, Inc.*, et al., Case No. FST-CV22-6055928 (the "Superior Court Action").

1

3. On February 25, 2022, Ethicon was served with a copy of the Summons and Complaint. A true and correct copy of the Summons and Complaint served by Plaintiff on Ethicon, Inc. is attached hereto as Exhibit A.

4. On February 28, 2022, Torax was improperly "served" with a copy of the Summons and Complaint by certified mail. A true and correct copy of the Summons and Complaint improperly served by Plaintiff on Torax is attached hereto as Exhibit B.

5. Torax has not yet appeared or answered in the Superior Court Action. However, Torax consents to this removal. *See* Exhibit C. As a result, all defendants consent to this removal. Torax, together with Ethicon, are hereinafter referred to as the "Removing Defendants."

6. This Notice is timely, it being filed within thirty days of Ethicon being served with a copy of the Complaint setting forth the claims for relief upon which the action is based. 28 U.S.C. § 1446(b)(1).

7. The Summons and Complaint served by Plaintiff on Ethicon (Exhibit A), and the Summons and Complaint improperly served by Plaintiff on Torax (Exhibit B), constitute all processes, pleadings and orders served upon the Removing Defendants in this action to the present date. 28 U.S.C. § 1446(a).

8. This is a products liability medical device case in which Plaintiff seeks damages from the Removing Defendants based on an alleged defect in a medical device that Plaintiff contends was designed, patented, manufactured, marketed, packaged, labeled, and sold by the Removing Defendants. Complaint at ¶¶ 7-9.

**II.   VENUE**

9. Venue lies in the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the Superior Court Action in

this judicial district. The District of Connecticut is the district embracing the location where the Superior Court Action is currently pending.

### III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

10. Removing Defendants are entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because it is a civil action involving an amount in controversy exceeding $75,000.00 between parties of diverse citizenship.

11. Under 28 U.S.C. § 1332, which provides for diversity jurisdiction, the "district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

#### A. DIVERSITY OF CITIZENSHIP

12. Plaintiff is a citizen of the State of Connecticut. *See* Complaint at ¶ 1.

13. In determining whether diversity jurisdiction exists for a corporation, the only relevant inquiries are: (1) place of incorporation; and (2) principal place of business. 28 U.S.C. § 1332(c)(1).

14. A corporation's principal place of business is the location from where its officers direct, control, and coordinate its corporate activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

15. Ethicon is a New Jersey corporation with its headquarters and principal place of business in New Jersey. Complaint at ¶ 2.

16. Torax is a Delaware corporation with its headquarters and principal place of business in Minnesota. *Id.* at ¶ 4.

17. Thus, Plaintiff and Removing Defendants are citizens of different states.

B.     **AMOUNT IN CONTROVERSY**

18.     In accordance with Connecticut practice, Plaintiff's "Statement of Amount in Demand" requests "in excess of fifteen thousand ($15,000) dollars, exclusive of interest and costs." *McLoughlin v. People's United Bank*, 586 F. Supp. 2d 70, 71 (D. Conn. 2008); Complaint at p. 15.

19.     In the Complaint, Plaintiff seeks monetary damages, punitive damages, attorney fees, and "[a]ny other further relief in law or equity which may appertain." *See* Complaint at p. 16, ¶¶ 1-5.

20.     Plaintiff alleges that he suffered "painful, permanent, severe and disabling injuries," such as "[r]ecurrent hiatal hernia," "[r]ecurrent gastroesophageal reflux disease," "[p]araesophageal hernia," "[p]ain," and "[s]hock to the Plaintiff's entire nervous system." *Id.* at ¶ 25.

21.     In addition, Plaintiff alleges that he suffered "severe physical and emotional distress, extreme pain and suffering, embarrassment, limitation of activities, scarring, inconvenience, disability," and that he has "been unable to perform the work, household, recreational, parental and normal duties, activities, and functions as the Plaintiff did before said occurrence." *Id.* at ¶ 26.

22.     Plaintiff further alleges that he "was required to expend substantial sums of money" and "may be required to expend additional sums of money in the future" for "[m]edical care and treatment," "[d]iagnostic treatment," "[p]harmaceutical expenses," and "[p]ain management." *Id.* at ¶ 27.

23.     Lastly, Plaintiff alleges that he "is apprehensive and fearful of future medical complications." *Id.* at ¶ 28.

24. Under Second Circuit law, the party invoking federal jurisdiction need only show that it "appears to a ***reasonable probability***" that the claim is in excess of the statutory jurisdictional amount. *Scherer v. Equitable Life Assurance Society of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (emphasis added).

25. Such a burden is "hardly onerous," because there is a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id.* (quoting *Wolde—Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999)).

26. In order to overcome this presumption, the party opposing federal jurisdiction must show to a "legal certainty" that the recoverable amount does not meet the jurisdictional threshold. *Wolde—Meskel*, 166 F.3d at 63.

27. The "legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Chase Manhattan Bank, N.A. v. Am. Nat. Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070-71 (2d Cir. 1996).

28. Here, Plaintiff's Complaint does not seek a precise amount of damages. Instead, Plaintiff claims he is entitled to monetary damages, punitive damages, attorneys' fees, and other relief, and seeks recovery for "painful, permanent, severe and disabling injuries," "severe physical and emotional distress," pain and suffering, an inability to work, and "substantial" sums of money related to various medical treatments and services. Complaint at ¶¶ 25-28, p. 16 at ¶¶ 1-5.

29. Courts in this district have found that the amount in controversy is satisfied where, as here, the Complaint does not specifically limit a recovery amount, but there are allegations of serious personal and permanent injury, surgery and other past medical treatment, pain, severe emotional distress, and lost time from work. *Allen v. Ruby Tuesday, Inc.*, No. 3:06-CV-149 (PCD),

2006 WL 2790431, at *3 (D. Conn. Sept. 26, 2006); *Viens v. Wal-Mart Stores, Inc.*, No. 3:96-CV-02602 (AHN), 1997 WL 114763, at *3 (D. Conn. Mar. 4, 1997); *Baron v. Maxam N. Am., Inc.*, No. 3:11-CV-198 JCH, 2012 WL 1247257, at *3 (D. Conn. Apr. 13, 2012); *Carroll v. Dunderdale*, No. 3:96-CV-1774 (AHN), 1996 WL 732549, at *3 (D. Conn. Nov. 25, 1996).

30. Although the Removing Defendants do not concede or admit that Plaintiff has suffered any damages, or that Removing Defendants are liable for any claimed damages, Plaintiff's allegations in the Complaint concerning the damages he allegedly suffered and continues to suffer demonstrates a reasonable probability that Plaintiff's claims exceed the $75,000 amount in controversy threshold.

**IV.     CONCLUSION**

31. Because the parties to this action are citizens of different states, and because the amount in controversy exceeds $75,000 under Second Circuit law, federal diversity jurisdiction exists, and removal of this action is appropriate under 28 U.S.C. § 1332(a).

32. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being provided to Plaintiff and is being filed with the Connecticut Superior Court, Judicial District of Stamford/Norwalk at Stamford.

33. Judicial economy, fairness, and convenience to the parties will be served by removing this state action to federal court.

34. By filing this Notice of Removal and removing this action to this Court, the Removing Defendants do not waive, and hereby expressly reserve the right to assert any and all available defenses, objections, or motions available under state or federal law. The Removing Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or seek dismissal on the grounds

of lack of personal jurisdiction, improper venue, insufficient service of process, or under the doctrine of forum non conveniens.

**WHEREFORE**, Defendant Ethicon, Inc., with the consent of Torax Medical, Inc., respectfully requests that the above-referenced action pending in the Connecticut Superior Court, Judicial District of Stamford/Norwalk at Stamford be removed to the United States District Court for the District of Connecticut.

Dated:  March 25, 2022

                                              Respectfully submitted,

By: */s/ James F. Murdica*
    James F. Murdica
    Juris No. 423590
    BARNES & THORNBURG LLP
    390 Madison Avenue
    12th Floor
    New York, New York 10017-2509
    Telephone: (646) 746-2000
    Facsimile:  (646) 746-2001
    JMurdica@btlaw.com

*Counsel for Defendants Torax Medical, Inc. and Ethicon, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 25, 2022, a copy of the foregoing was filed electronically and served by email or mail on anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

Brenden P. Leydon
WOCL LEYDON LLC
80 Fourth Street
Stamford, CT 06905
(203) 333-3339
bleydon@WoclLeydon.com

*Counsel for Plaintiff Scott Bender*

                                                  */s/ James F. Murdica*
                                                  James F. Murdica