# <u>EXHIBIT A</u>

 CT Corporation

**Service of Process Transmittal**
02/25/2022
CT Log Number 541121276

TO: Ra-Jjcus Ldsop
JOHNSON & JOHNSON
1 Johnson and Johnson Plz
New Brunswick, NJ 08933-0002

**RE:** **Process Served in Connecticut**

**FOR:** Ethicon, Inc.  (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: SCOTT BENDER // To: Ethicon, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Stamford Superior Court, CT<br>Case # NONE |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury - Linx |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, East Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/25/2022 at 15:08 |
| **JURISDICTION SERVED :** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | On or before the second day after the return date 03/29/2022 |
| **ATTORNEY(S) / SENDER(S):** | Brenden P. Leydon<br>Wocl Leydon LLC<br>80 Fourth Street<br>Stamford, CT 06905<br>203-333-3339 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/25/2022, Expected Purge Date: 03/02/2022<br><br>Image SOP<br><br>Email Notification,  Ra-Jjcus Ldsop  RA-JJCUS-LDSOP@its.jnj.com<br><br>Email Notification,  Dasia Abram  dabram2@its.jnj.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>67 Burnside Ave<br>East Hartford, CT 06108<br>855-844-0739<br>ServiceSolutionsTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

SERVICE INTENDED FOR:

## **Ethicon, Inc.**



| | |
|---|---|
| **SUMMONS - CIVIL**<br>JD-CV-1  Rev. 2-22<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;<br>P.B. §§ 3-1 through 3-21, 8-1, 10-13 | **STATE OF CONNECTICUT**<br>**SUPERIOR COURT**<br>*www.jud.ct.gov* |

For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.*



**Instructions are on page 2.**

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [x] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 123 HOYT STREET, STAMFORD CT 06905 | ( 203 ) 965 – 5308 | 03/29/2022 |

| | | | |
|---|---|---|---|
| [x] Judicial District<br>[ ] Housing Session | G.A.<br>[ ] Number: | At *(City/Town)*<br>STAMFORD | Case type code *(See list on page 2)*<br>Major: T    Minor: 20 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| WOCL LEYDON LLC, 80 FOURTH STREET, STAMFORD CT 06905 | 106151 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 203 ) 333 – 3339 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.  [x] Yes  [ ] No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*<br>bleydon@woclleydon.com |
|---|---|

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| **First plaintiff** | Name:  BENDER, SCOTT<br>Address: 61 LIBERTY STREET, WILTON, CT 06887 | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name:  TORAX MEDICAL, INC., 4188 LEXINGTON AVE, SHOREVIEW MN 55126<br>Address: C/O SECRETARY OF THE CORPORATION, 4188 LEXINGTON AVE, SHOREVIEW MN 55126 | D-01 |
| **Additional defendant** | Name:  ETHICON, INC., U.S. ROUTE 22, SOMERVILLE NJ 08876<br>Address: AGENT FOR SERVICE: CT CORPORATION SYSTEM, 67 BURNSIDE AVE, EAST HARTFORD CT 06108 | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 2 | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
**The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | | Name of person signing |
|---|---|---|---|
| 02/24/2022 | | [x] Commissioner of Superior Court<br>[ ] Clerk | BRENDEN P. LEYDON, ESQ. |

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

A TRUE COPY
ATTEST:

KEVIN SULLIVAN
STATE MARSHAL, HARTFORD COUNTY

| | | |
|---|---|---|
| **RETURN DATE:  MARCH 29, 2022** | : | **SUPERIOR COURT** |
| **SCOTT BENDER** | : | **J.D. OF STAMFORD/NORWALK** |
| **VS.** | : | **AT STAMFORD** |
| **TORAX MEDICAL, INC.; ETHICON, INC.** | : | **FEBRUARY 24, 2022** |

## COMPLAINT

Defendants Torax Medical, Inc. and Ethicon, Inc. manufactured a defective medical device such that Plaintiff suffered significant injury. Here, a defectively manufactured LINX was surgically implanted in Plaintiff to control his gastroesophageal reflux disease (GERD). After the LINX was implanted in Plaintiff, Defendants became aware of the manufacturing defect in Plaintiff's LINX. Defendants recalled Plaintiff's LINX as well as numerous other LINX devices in the United States and European Union. Moreover, the recall notice refers to an out of specification condition of the device indicating the device was defectively manufactured.

## THE PARTIES

1. At all times material Plaintiff Scott Bender was a resident of Connecticut.

2. Defendant **Ethicon, Inc.** ("Ethicon") is a New Jersey corporation with its headquarters and principal place of business located at One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933. Ethicon's medical devices, including the LINX, are distributed, marketed, sold, and used on medical patients in all fifty United States, including Connecticut and Colorado, and the European Union.

3. At all times material, Defendant Ethicon Inc. was a wholly owned subsidiary of Johnson & Johnson.

4. Defendant **Torax Medical, Inc.** ("Torax") is a Delaware corporation with its headquarters and principal place of business located at 4188 Lexington Avenue, Shoreview,

Wodl Leydon LLC
80 Fourth Street, Stamford, CT 06905
Tel: (203) 333-3339 | Fax: (203) 324-1407 | Juris No. 106151

include

Minnesota 55126. Torax's medical devices, including the LINX, are distributed, marketed, sold, and used on medical patients in all fifty United States, including Connecticut and Colorado, and the European Union.

5.     Johnson & Johnson completed its acquisition of Torax Medical, Inc., a privately-held medical device company that manufactures and markets the LINX™ Reflux Management System for the surgical treatment of gastroesophageal reflux disease, in March of 2017.

6.     At all times material, Defendant Torax Medical, Inc. was a wholly owned subsidiary of Johnson & Johnson.

**FIRST COUNT: (Product Liability Claim v. Ethicon, Inc.; Torax Medical, Inc.)**

7.     At all times relevant herein, Johnson & Johnson was engaged in the business of placing medical devices into the stream of commerce by designing, patenting, manufacturing, marketing, packaging, labeling, and selling such devices, including the LINX Reflux Management System ("LINX") and any unnamed **Ethicon, Inc.,** or **Torax Medical, Inc.,** products designed and sold for similar purposes, inclusive of the instruments and procedures for implantation. These products were designed primarily for the purposes of treating gastroesophageal reflux disease (GERD) and can only be implanted surgically.

8.     At all times relevant herein, **Defendant Ethicon, Inc.,** was engaged in the business of placing medical devices into the stream of commerce by designing, patenting, manufacturing, marketing, packaging, labeling, and selling such devices, including the LINX Reflux Management System ("LINX") and any unnamed **Ethicon, Inc.,** or **Torax Medical, Inc.,** products designed and sold for similar purposes, inclusive of the instruments and procedures for implantation. These products were designed primarily for the purposes of treating gastroesophageal reflux disease (GERD) and can only be implanted surgically.

2

9.      At all times relevant herein, **Defendant Torax Medical, Inc.,** was engaged in the business of placing medical devices into the stream of commerce by designing, patenting, manufacturing, marketing, packaging, labeling, and selling such devices, including the LINX Reflux Management System ("LINX") and any unnamed **Ethicon, Inc.,** or **Torax Medical, Inc.,** products designed and sold for similar purposes, inclusive of the instruments and procedures for implantation. These products were designed primarily for the purposes of treating gastroesophageal reflux disease (GERD) and can only be implanted surgically.

10.     The LINX as well as any variations of this product are products targeted at people who suffer from GERD. LINX is a titanium bead-and-wire ring surgically implanted around a patient's lower esophageal sphincter (LES) to augment the LES and prevent acid reflux:



(https://www.jnj.com/innovation/johnson-johnson-medical-innovations-reshaping-future-surgery)

11.     The LINX is a product targeted at people who suffer from GERD.

12.     The LINX required pre-market approval by the Food & Drug Administration prior to it being placed in the stream of commerce and used on patients in the United States and the European Union. Specifically, in December 2010, Defendant Torax applied for this pre-market

3

Wocl Leydon ʟʟᴄ
80 Fourth Street, Stamford, CT 06905
Tel: (203) 333-3339 | Fax: (203) 324-1407 | Juris No. 106151

approval, including its manufacturing process, and this approval was granted on March 22, 2012. The LINX is considered a "restricted" device, meaning it is subject to numerous FDA regulations regarding the manufacture, distribution, and marketing of the device.

13.    Defendant **Ethicon, Inc.,** is the parent-corporation for Defendant Torax and participated in the manufacture, distribution, and post-market surveillance of the LINX.

14.    On April 20, 2018, Defendant Torax initiated a recall of numerous LINX due to "an out of specification condition" which would allow "a bead component to separate from an adjacent wire link."[1] This means that the LINX device, normally a continuous loop, would become discontinuous and open due a defect resulting from improper manufacture.

> Torax has become aware of an out of specification condition which may affect a small number of devices and allow a bead component to separate from an adjacent wire link. This condition may result in a discontinuous or open LINX device.

## URGENT: FIELD SAFETY NOTICE (REMOVAL)
### LINX® Reflux Management System

This recall, classified as a Class 2 recall, is considered by the FDA as "a method of removing…products that are in violation of laws" administered by the FDA. FDA records show that there were 9,131 LINX devices in the stream of commerce as of May 2018.

15.    A 16-bead LINX was surgically implanted in Plaintiff by Dr. Reginald Bell on August 8, 2017. This LINX was subject to the recall described in ¶ 14.

16.    The defective LINX was surgically removed on June 22, 2021.

17.    Plaintiff alleges that Defendants Torax and Ethicon manufactured the LINX which was implanted in Plaintiff and subsequently failed due to a manufacturing defect. Plaintiff alleges

---

[1] Notice of Recall dated May 31, 2018, at
https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfres/res.cfm?id=163589

Wod Leydon ᴸᴸᶜ
80 Fourth Street, Stamford, CT 06905
Tel: (203) 333-3339 | Fax: (203) 324-1407 | Juris No. 106151

4

that Defendants Torax and Ethicon placed Plaintiff's LINX device into the stream of commerce. Plaintiff alleges that Defendants Torax and Ethicon are corporations who regularly design, test, assemble, manufacture, sell, and distribute medical devices intended for human use.

18.     The LINX implanted in Plaintiff was manufactured in violation of the Federal Food, Drug, and Cosmetic Act, the Medical Device Amendments, and federal regulations promulgated under these laws and administered by the FDA. The device implanted in Plaintiff was manufactured in deviation from the manufacturing specifications approved by the FDA and provided by Defendant Torax for its pre-market approval. Plaintiff's LINX was also manufactured in deviation of Current Good Manufacturing Practice requirements. The LINX was also defectively manufactured in violation of Connecticut law that parallels federal requirements.

19.     Specifically, Defendants were required to manufacture the defective LINX device according to Federal Regulations, including but not limited to the following, and failed to do so in:

a)  21 CFR 820.5 – failure to establish and adhere to a quality system to prevent the manufacture of defective LINX;

b)  21 CFR 820.20 – failure to adhere to approved quality system procedures;

c)  21 CFR 820.70(a),(g), (h), (i) – failure to control production processes to ensure device conformance with specifications;

d)  21 CFR 820.72 – failure to inspect, measure, and test manufacturing equipment and materials such that the LINX was defectively manufactured;

e)  21 CFR 820.75 – failure to adhere to process validation and implement process validation such that the LINX was placed in the stream of commerce in a defective condition;

5

    f) 21 CFR 820.90 – failure to prevent non-conforming product, e.g. Plaintiff's LINX,

       from entering the stream of commerce in a defective condition;

    g) 21 CFR 820.100 – failure to implement corrective processes and preventative

       actions due to nonconformities.

    20.    As a result of Defendants' violations of federal regulation, approved manufacturing process, and manufacturing standard of care, Plaintiff's LINX was defectively manufactured and failed as a result of that defect. At the time the LINX device left the control of Defendants, it was outside of manufacturing specification and was unreasonably dangerous due to its defective manufacture.

    21.    Each of the foregoing violations, whether taken singularly or in any combination, were a proximate cause of Plaintiff's injuries and damages which are described in more detail above and below. Plaintiff seeks compensatory damages, jointly and severally.

    22.    Defendants owed Plaintiff a duty of ordinary care as would a reasonable and prudent manufacturer of medical devices to manufacture the LINX such that it would be safe for its intended use. Plaintiff alleges that Defendants failed to use ordinary care by various acts and omissions, which constitute negligence, in at least the following ways:

    a) Failure to manufacture the LINX consistent with approved manufacturing standards

       such that it was defective and unreasonably dangerous for its intended use;

    b) Failure to manufacture the LINX consistent with approved design such that it was

       defective and unreasonably dangerous for its intended use;

    c) Failure to test and inspect the device prior to placing it in the stream of commerce

       in a defective and unreasonably dangerous condition; and

6

d)  Failure to prevent the defectively manufactured device from entering the stream of

commerce in a defective and unreasonably dangerous condition.

23.     As a result of Defendants' breach of its duty of care, Plaintiff's LINX was

defectively manufactured and failed as a result of that defect. At the time the LINX device left the

control of Defendants, it was outside of manufacturing specification and was unreasonably

dangerous due to its defective manufacture.

24.     Each of the foregoing violations, whether taken singularly or in any combination,

were a proximate cause of Plaintiff's injuries and damages which are described in more detail

above and below. Plaintiff seeks compensatory damages, jointly and severally.

25.     As a result of the defective LINX the Plaintiff received and suffered painful,

permanent, severe and disabling injuries which were caused, aggravated, accelerated or lighted up

by said occurrence, including:

a)  Recurrent hiatal hernia;

b)  Recurrent gastroesophageal reflux disease;

c)  Paraesophageal hernia;

d)  pain; and

e)  shock to the Plaintiff's entire nervous system.

26.     As a further result, the Plaintiff has suffered severe physical and emotional distress,

extreme pain and suffering, embarrassment, limitation of activities, scarring, inconvenience,

disability, and has been unable to perform the work, household, recreational, parental and normal

duties, activities, and functions as the Plaintiff did before said occurrence.

27.     As a result of said injuries, the Plaintiff was required to expend substantial sums of

money and may be required to expend additional sums of money in the future for:

Wocl Leydon LLC
80 Fourth Street, Stamford, CT 06905
Tel: (203) 333-3339 | Fax: (203) 324-1407 | Juris No. 106151

a) Medical care and treatment;

b) Diagnostic treatment;

c) Pharmaceutical expenses; and

d) Pain management.

28.     As a further result the Plaintiff is apprehensive and fearful of future medical complications resulting from the aforesaid injuries.

29.     At all times material, the Defendant owed the Plaintiff the duty to design, manufacture, assemble, inspect and/or test the subject product in such a manner and with the exercise of reasonable care, so as to prevent exposing the Plaintiff to the harms enumerated herein.

30.     At all times material, the Defendants had a duty to warn consumers or intended users of the subject product of defects which it knew or should have known in the exercise of ordinary care existed in the subject products, which defects rendered the subject product unreasonably dangerous to use.

31.     At all times material hereto, the dangerous, hazardous and defective condition described above in connection with the propensity of the subject product to activate was latent, and the Plaintiff was not capable of realizing the dangerous condition and could not have discovered the dangerous condition with a reasonable inspection.

32.     Prior to the sale of the products at issue herein, the Defendants knew of the extreme dangers presented by the aforementioned product due to its design and/or manufacturing defects.

33.     At the time the Defendant sold the subject product, as well as on August 8, 2017, the product was designed, tested, manufactured and labeled in a defective condition, unreasonably dangerous when put to a reasonably anticipated use by its ordinary users, including Plaintiff.

34.     The Plaintiff's injuries either would not have occurred, or would have been

Wocl Leydon_LLC

80 Fourth Street, Stamford, CT 06905

Tel: (203) 333-3339 | Fax: (203) 324-1407 | Juris No. 106151

substantially less severe, had the product not had the defects described herein.

35.     The Linx product in question was provided by Defendants and their affiliates in this state, and was provided to Plaintiff with the reasonable expectation that the product was to be used in this state, and it was so used in this state, as a result of a distribution system specifically and intentionally targeting this state.  The Defendants each acted in concert to continue a distribution system of this hazardous product, with virtually no warning of its hazards, intentionally seeking to benefit from Connecticut residents.

36.     At the time of design, manufacture, distribution, marketing, advertising, distribution, sale and continuing thereafter, the product was in a defective, dangerous and unreasonable condition for use by the Plaintiff in that the Defendant:

  a.  improperly and/or inadequately designed the product;

  b.  improperly and/or inadequately manufactured, constructed, promoted, and/or sold the product;

  c.  failed to properly inspect and/or test the product;

  d.  failed to properly warn and/or install warnings or instructions to the user, dealer, purchaser, seller and/or agents of the user about the hazards and dangers associated with the product, either before or after the sale;

  e.  failed to establish proper and adequate safety design, risk management, and failure mode and effects analysis to the design and manufacturing of the product; and

  f.  advertised, marketed and/or promoted its product when it knew or should have known of its unsafe and dangerous propensities.

37.     The above described conditions were a substantial factor in producing the Plaintiff's injuries and damages hereinbefore alleged.

Wod Leydon LLC

80 Fourth Street, Stamford, CT 06905
Tel: (203) 333-3339 | Fax: (203) 324-1407 | Juris No. 106151

9

38.     The Defendant and/or its agents, servants or employees expressly warranted, by way of, among other things, advertising, promotional campaigns, brochures, literature, marketing plans, trade name, and goodwill that said product was among other things:

    a.  safe and fit for its intended purposes and/or uses;

    b.  safe and fit for its particular purpose;

    c.  safe and fit for use by persons such as the Plaintiff; and

    d.  safe and fit for reasonable and expected uses such as that utilized by the Plaintiff.

39.     The Defendant breached these express warranties as described above in providing a product that was not safe and fit as warranted.

40.     The breach of these express warranties was a substantial factor in producing and causing the Plaintiff's injuries and damages as alleged.

41.     The Defendant impliedly warranted that the product was:

    a.  fit for its particular purpose for which it was intended; and/or

    b.  of merchantable quality.

42.     The Defendant breached these implied warranties as described above in providing a product that was not fit for its particular purpose or of merchantable quality as impliedly warranted due to the Defects described herein.

43.     The breach of these implied warranties was a substantial factor in producing and causing the Plaintiff's injuries and damages as alleged.

44.     The Defendant and/or its agents, servants or employees were negligent and careless in one or more of the following ways in that the Defendant:

    a.  improperly and/or inadequately distributed the product;

    b.  improperly and/or inadequately manufactured, promoted and/or sold the product;

c. failed to properly inspect and/or test the product;

d. failed to properly warn and/or install warnings or instructions to the user, dealer, purchaser, seller and/or agents of the user about the hazards and dangers associated with the product, either before or after the sale;

e. failed to establish proper and adequate safety design, risk management, and failure mode and effects analysis to the design and manufacturing of the product; and

f. advertised, marketed and/or promoted its product when it knew or should have known of its unsafe and dangerous propensities.

45.     The above described negligence of the Defendant was a substantial factor in producing and causing the Plaintiff's injuries and damages hereinbefore alleged.

46.     The Defendant violated Connecticut General Statutes §52-240b by acting with reckless disregard for the safety of product users such as the Plaintiff, in at least one or more of the following ways in that the Defendant:

a. improperly and/or inadequately distributed the product;

b. improperly and/or inadequately manufactured, promoted and/or sold the product;

c. failed to properly inspect and/or test the product;

d. failed to properly warn and/or install warnings or instructions to the user, dealer, purchaser, seller and/or agents of the user about the hazards and dangers associated with the product, either before or after the sale;

e. failed to establish proper and adequate safety design, risk management, and failure mode and effects analysis to the design and manufacturing of the product; and

f. advertised, marketed and/or promoted its product when it knew or should have known of its unsafe and dangerous propensities.

Wocl Leydon LLC
80 Fourth Street, Stamford, CT 06905
Tel: (203) 333-3339 | Fax: (203) 324-1407 | Juris No. 106151

47.     The harm, injuries and damages suffered by the Plaintiff was a result of the heedless and reckless disregard for the safety of product users such as the Plaintiff thereby creating an unreasonable risk of bodily injury to the Plaintiff.

48.     The Defendant, at all material times, has been engaged in the business of selling products such as the product sold to the Plaintiff.

49.     The Defendant, and/or its agents, servants or employees through oral and written representations, represented to the Plaintiff that the product was perfectly safe and well designed.

50.     When making the representations described above, the Defendant actually knew, or in the exercise of reasonable care should have known, of the dangerous and defective condition of the product.

51.     The Plaintiff relied on the knowledge, experience and expertise of the Defendant and/or its agents, servants or employees and was deceived by its representations.

52.     The Defendant has specifically violated CONN. AGENCIES REGS. §42-110B-18(B), by misrepresenting the standard of its merchandise or services as described above.

53.     The Defendant has specifically violated CONN. AGENCIES REGS. §42-110B-18(E), by misrepresenting the nature, characteristics, uses, benefits, and qualities of its merchandise or services as described above.

54.     As a result of the above described defective condition of the product, the Defendant is liable and legally responsible to the plaintiffs for their injuries and losses as set forth herein by virtue of Connecticut General Statutes § 52-572m, et seq.

**SECOND COUNT: CUTPA v. All Defendants**

1-54.   Paragraphs 1-54 are incorporated by reference and hereby made Paragraphs 1-54 of the Second Count.

55.     The Defendants have engaged in conduct knowing it put numerous members of the public at serious risk of injury for the express purpose of maximize its profit and minimizing expenses despite knowing that reasonable efforts would negate or minimize the risk of injury to the public.

56.     The Defendants' acts and omissions previously set forth is violative of several civil and criminal statutes and well established common law doctrines, specifically C.G.S. §42-110b, et seq, strict liability in tort; negligence; breach of contract; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent, C.G.S. §53-442 Health Insurance Fraud, C.G.S. §42a-2-314, (implied warranty of merchantability) and §42a-2-315 (implied warranty of fitness for a particular purpose) and C.G.S. 53a-119(2) (larceny).

57.     As a result of the Defendants' misrepresentations and nondisclosures, the Plaintiff paid a higher price for the product than he otherwise would have, if he had paid anything at all.

58.     The foregoing conduct of the Defendants constitutes a violation of the Connecticut Unfair Trade Practices Act, C.G.S. §42-110a et seq. on the part of the Defendants in that said actions in the course of the Defendant's trade or business were immoral, oppressive, unscrupulous, and caused substantial injury to the Plaintiff.

59.     A copy of this complaint has been mailed to the Attorney General of the State of Connecticut and the Commissioner of Consumer Protection.

**THIRD COUNT: Civil Conspiracy v. All Defendants**

1-59. Paragraphs 1-59 are incorporated by reference and hereby made Paragraphs 1-59 of the Third Count.

Wocl Leydon ᴸᴸᶜ
80 Fourth Street, Stamford, CT 06905
Tel: (203) 333-3339 | Fax: (203) 324-1407 | Juris No. 106151

60.    All Defendants had a substantial interest in promoting the sale and use of the LINX products for significant financial gain, both in implantation of the LINX products and in subsequent complication management and revision and/or removal surgeries, thereby incentivizing continued use of the LINX products and the underreporting of complications to the state and federal authorities. The continued use and underreporting of complications resulted in the continued sale and implantation of LINX products at substantial financial gain to all Defendants and each Defendant conspired with the others to cause, condone, permit and/or allow the continued use and underreporting of complications and failure to properly warn, advise and/or inform the patient for the common goal of financial gain to each of them.

THE PLAINTIFF,

By _____
Brenden P. Leydon
bleydon@WoclLeydon.com
Wocl Leydon LLC
80 Fourth Street
Stamford, CT  06905
(203) 333-3339
Juris No. 106151

A TRUE COPY
ATTEST: _____
KEVIN SULLIVAN
STATE MARSHAL, HARTFORD COUNTY

14

RETURN DATE:  MARCH 29, 2022        :        **SUPERIOR COURT**

SCOTT BENDER                 :        **J.D. OF STAMFORD/NORWALK**

VS.                             :        **AT STAMFORD**

TORAX MEDICAL, INC.; ETHICON, INC.    :        **FEBRUARY 24, 2022**

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is in excess of FIFTEEN THOUSAND ($15,000.00) DOLLARS, exclusive of interest and costs.

THE PLAINTIFF,

By _____

Brenden P. Leydon
bleydon@WoclLeydon.com
Wocl Leydon LLC
80 Fourth Street
Stamford, CT  06905
(203) 333-3339
Juris No. 106151

A TRUE COPY
ATTEST: _____
KEVIN SULLIVAN
STATE MARSHAL, HARTFORD COUNTY

**Wocl Leydon** LLC
80 Fourth Street, Stamford, CT 06905
Tel: (203) 333-3339 | Fax: (203) 324-1407 | Juris No. 106151

RETURN DATE:  MARCH 29, 2022          :          **SUPERIOR COURT**

**SCOTT BENDER**                              :          **J.D. OF STAMFORD/NORWALK**

**VS.**                                                  :          **AT STAMFORD**

**TORAX MEDICAL, INC.; ETHICON, INC.**   :          **FEBRUARY 24, 2022**

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff claims:

1. Monetary damages;

2. Attorney fees pursuant to Connecticut General Statutes §52-240a;

3. Punitive damages pursuant to Connecticut General Statutes §52-240B and the common law; and

4. Attorney's fees and punitive damages pursuant to the Connecticut Unfair Trade Practices Act, C.G.S. §42-110a et seq.

5. Any other further relief in law or equity which may appertain.

THE PLAINTIFF,

By_____

Brenden P. Leydon
bleydon@WoclLeydon.com
Wocl Leydon LLC
80 Fourth Street
Stamford, CT  06905
(203) 333-3339
Juris No. 106151

**A TRUE COPY
ATTEST:**

KEVIN SULLIVAN
STATE MARSHAL, HARTFORD CO.

16